UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>    Plaintiff<br><br>v.<br><br>WEISE, et al.,<br><br>    Defendants. | Case No. 2:19-cv-01243-APG-NJK<br><br>**Order Denying Motions for Temporary Restraining Orders**<br><br>[ECF Nos. 36, 42, 43] |

On March 26, 2020, I screened plaintiff Kentrell Welch's civil rights complaint under 28 U.S.C. § 1915A and stayed the case to allow the parties to engage in mediation. ECF No. 27. In the complaint, Welch alleges that while he was housed at High Desert State Prison (HDSP) defendant Liggett labeled him a snitch, which put his life in danger. *Id.* at 6-7. Defendants Weise, Gunderson, and McKedrey then failed to ensure his safety by transferring him to another prison. *Id.* at 8.

At some point after filing the complaint, Welch was transferred to Ely State Prison (ESP). ECF No. 40. Welch has now filed three motions for a temporary restraining order (TRO). ECF Nos. 36, 42, 43. In his first TRO motion, Welch appears to allege that various guards at ESP, including Roman, Rigney, Southworth, Underwood, and Sandoval, are retaliating against him over an incident that occurred the last time that Welch was house at ESP, roughly five years ago. ECF No. 36 at 2. Welch alleges that they are planning to put him in general population, which would put his life in danger. *Id.* In both his second and third TRO motions Welch alleges that prison guards are making death threats against him. ECF Nos. 42 at 2, 43 at 2.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Welch's complaint is based on allegations that he was in danger at HDSP and that various prison guards working at HDSP failed to ensure his safety by transferring him to a different prison. Welch's TRO motions are based on allegations that guards working at ESP are now threatening his life. As such, the motions are based on claims not pleaded in the complaint and about individuals who are not parties in this action. I do not have authority to issue an injunction against individuals who are not a party to this action based on allegations that are not part of this case. As such, Welch's motions for a temporary restraining order are denied.

Welch has filed numerous other motions since I stayed this case. The screening order says that "no other pleadings or papers shall be filed" during the stay. ECF No. 27 at 12. Welch should refrain from filing motions until the stay in this case is lifted. I will not address Welch's other motions until after the stay is lifted.

I therefore order that Welch's motions for a temporary restraining order (**ECF Nos. 36, 42, 43) are denied.**

Dated: July 2, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE