UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENTRELL D. WELCH, | Case No. 2:19-cv-01243-APG-NJK |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| LIGGETT, *et al.*, | |
| Defendants. | |

**I. DISCUSSION**

Plaintiff Kentrell Welch has submitted an application to proceed *in forma pauperis*. ECF No. 10. I find that he is unable to prepay the full filing fee in this matter.

I entered a screening order on March 26, 2020 staying this action so the parties could engage in settlement discussions. ECF No. 27. The Office of the Attorney General filed a status report indicating that settlement has not been reached and that it intends to proceed with this action. ECF No. 55. I therefore lift the stay in this case. Welch filed several motions during the stay, which I now address.

**A. ECF Nos. 33 and 34**

Welch filed a motion requesting discovery materials (ECF No. 33) and a motion requesting the appointment of a discovery commissioner (ECF No. 34). The defendants have not yet been served and the discovery process has not yet begun. As such, Welch's motions are premature, and I deny them without prejudice.

////

////

**B. ECF No. 37**

In my order screening Welch's amended complaint, I found that Welch failed to state a colorable claim against three of the defendants, and I dismissed them without prejudice. ECF No. 27 at 11. Welch has filed a motion requesting "re-joinder" of these defendants. ECF No. 37 at 1. I construe this as a motion for reconsideration. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Welch's motion does not allege that the amended complaint stated colorable claims against these defendants. Rather, Welch alleges various facts not included in the amended complaint to argue that these defendants violated his constitutional rights. As such, Welch has not set forth facts or law to persuade me to reverse my position that the amended complaint did not state a colorable claim against these defendants. Welch's motion is denied.

**C. ECF No. 38**

Welch filed a motion for a "dual suit." ECF No. 38 at 1. It is difficult to understand Welch's motion, but it appears to be requesting that this case be joined with an earlier filed case. Welch refers to "amended complaint cover sheets," but it appears that he wants to add to this action defendants from the earlier filed case (2:19-cv-01064-GMN-BNW). ECF No. 38 at 2.

When a party seeks to join two actions together, the party is seeking to consolidate the actions. Federal Rule of Civil Procedure 42(a) provides that a court may consolidate the actions if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2).

Welch's previously filed case deals with a failure to provide proper medical care. *See* 2:19-cv-01064-GMN-BNW, ECF No. 22 at 3-5. This case involves claims of First Amendment retaliation and failure to protect. ECF No. 27 at 6-9. The two cases do not involve common questions of law or fact, so Welch's motion is denied.

**D. ECF No. 39**

Welch filed a motion titled "Judge's Chamber's review sought." ECF No. 39 at 1. He alleges that an officer name Irvin transferred him to a maximum-security prison in retaliation for filing a kite about her. *Id.* at 3. Welch also refers to improper retaliation by an officer named Bartlett. *Id.* at 4. Welch does not explain what he seeks in his motion, and I construe it as a request for a preliminary injunction.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Welch's motion is based on allegations about individuals and claims that are not part of this case. As such, I do not have authority to issue equitable relief based on the allegations in the motion. I thus deny Welch's motion for a preliminary injunction. If Welch believes he has

suffered constitutional violations beyond those alleged in this case, he may initiate a separate case based on those other constitutional violations.

### E.  ECF No. 41

Welch filed a motion for appointment of counsel. ECF No. 41.  The court will address that motion in a subsequent order.

### F.  ECF No. 51

Welch filed a motion requesting copies of various documents he has filed in this action. ECF No. 51.  There is a per-page charge for copy work.  Copies produced from an electronic format (CM/ECF) are $.10 per page; copies produced from a physical format are $.50 per page. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).  I cannot provide free copies even to indigent plaintiffs proceeding *in forma pauperis* as the relevant statute, 28 U.S.C. § 1915, does not authorize the court to pay the costs for an indigent litigant's copy requests.  If Welch would like copies of any of his motions, he must fill out the appropriate paperwork and pay for them.

## II.  CONCLUSION

I therefore order that Welch's application to proceed *in forma pauperis* **(ECF No. 10) is GRANTED**.  Welch shall not be required to pay an initial installment of the filing fee.  In the event that this action is dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).  Welch is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.

I further order, under 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections to pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Welch's account (**Kentrell D. Welch, #1030777**), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office.  The Clerk of the Court shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

I further order the Clerk of the Court to electronically **SERVE** a copy of this order and a copy of Welch's amended complaint (ECF No. 28) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

I further order that service must be perfected within 90 days from the date of this order as required by Fed. R. Civ. P. 4(m).

I further order that subject to the findings of the screening order (ECF No. 27), within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the court and Welch of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Welch the last known addresses of those defendants for whom it has such information.  If the last known address of the defendants is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical addresses.

1    I further order that if service cannot be accepted for any of the named defendants, Welch
2 shall file a motion identifying the unserved defendants, requesting issuance of a summons, and
3 specifying a full name and address for the defendants.  For the defendants as to which the
4 Attorney General has not provided last-known-address information, Welch shall provide the full
5 name and address for the defendants.

6    I further order that if the Attorney General accepts service of process for any named
7 defendants, such defendants shall file and serve an answer or other response to the amended
8 complaint (ECF No. 28) within 60 days of the date of this order.

9    I further order that Welch shall serve upon defendants or, if an appearance has been
10 entered by counsel, upon their attorneys, a copy of every pleading, motion or other document
11 submitted for consideration by the Court.  If Welch electronically files a document with the
12 court's electronic-filing system, no certificate of service is required. *See* Fed. R. Civ. P.
13 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Welch mails the document to
14 the court, Welch shall include with the original document submitted for filing a certificate stating
15 the date that a true and correct copy of the document was mailed to the defendants or counsel for
16 the defendants.  If counsel has entered a notice of appearance, Welch shall direct service to the
17 individual attorney named in the notice of appearance, at the physical or electronic address stated
18 therein.  The court may disregard any document received by a district judge or magistrate judge
19 which has not been filed with the Clerk, and any document received by a district judge,
20 magistrate judge, or the Clerk which fails to include a certificate showing proper service when
21 required.

22    I further order that Welch's motion for discovery **(ECF No. 33) is denied without**
23 **prejudice.**

6

I further order that Welch's motion for appointment of a discovery commissioner **(ECF No. 34) is denied without prejudice.**

I further order that Welch's motion for "re-joinder of parties" **(ECF No. 37) is construed as a motion for reconsideration and is denied.**

I further order that Welch's motion for "dual suit" **(ECF No. 38) is construed as a motion for consolidation and is denied.**

I further order that Welch's motion for Judge's review **(ECF No. 39) is construed as a motion for preliminary injunctive relief and is denied.**

I further order that Welch's motion for appointment of counsel (ECF No. 41) will be addressed in subsequent order.

I further order that Welch's motion for copies **(ECF No. 51) is denied**.

I further order that this case is no longer stayed.

DATED THIS 24th day of November 2020.

_____
UNITED STATES DISTRICT JUDGE