UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENTRELL D. WELCH,

    Plaintiff,

v.

LIGGETT, et al.,

    Defendants.

Case No.: 2:19-cv-01243-APG-NJK

**ORDER**

[Docket Nos. 63, 64]

Pending before the Court is Plaintiff Kentrell D. Welch's motion to excuse him from participating in his upcoming competency hearing. Docket No. 63. Plaintiff submits that requiring him to travel within Ely State Prison for a videoconference hearing poses a high risk of exposure to the COVID virus. *Id.* at 2. Also pending before the Court is Plaintiff's motion to admit relevant exhibits, Docket No. 64, which the Court construes as a request for the Court to consider the exhibits attached to Plaintiff's motion to excuse him from participating in his hearing. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court has considered Plaintiff's motion to excuse him from participating in his upcoming competency hearing and the exhibits attached therein.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The Court "must appoint a guardian ad litem—or issue another appropriate order—to protect a[n] … incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Further, the Court "is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *Jurgens v. Dubendorf*, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)). When a substantial question exists regarding the mental competency of a party proceeding *pro se*, the

---

[1] Plaintiff's motion to admit relevant exhibits is **DENIED** as unnecessary. Docket No. 64.

preferred procedure is for the Court to conduct a hearing to determine whether the party is competent and whether the Court must appoint a guardian ad litem or issue another appropriate order. *Krain v. Smallwood*, 880 F.2d 1119, 1120 (9th Cir. 1989). The Court may dismiss the case without prejudice if the party refuses to cooperate. *Id.*

The Court is sympathetic to the challenges the current environment poses for detained individuals. However, the Court finds that Plaintiff's participation in his upcoming competency hearing is necessary to determine whether he is competent and whether the Court must appoint a guardian ad litem or issue another appropriate order.

Accordingly, Plaintiff's motion to excuse him from participating in his upcoming competency hearing is hereby **DENIED** without prejudice. Docket No. 63. The competency hearing remains **SET** for 10:00 a.m. on January 14, 2021. As Plaintiff is currently housed in Ely State Prison, the Attorney General's Office is **INSTRUCTED** to coordinate with the undersigned's courtroom deputy, Ari Caytuero, at 702-464-5566, to facilitate Plaintiff's video conference appearance at the hearing.

IT IS SO ORDERED.

DATED: December 11, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE