AARON D. FORD
  Attorney General
D. RANDALL GILMER (Bar No. 14001)
  Chief Deputy Attorney General
ALEXANDER J. SMITH (Bar No. 15484)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-3427 (phone)
(702) 486-3773 (fax)
Email:  ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Gavin Liggett, Jordan Gunderson,*
*Keith McKeechan, and James Wuest*

AARON D. FORD
  Attorney General
D. RANDALL GILMER (Bar No. 14001)
  Chief Deputy Attorney General
ALEXANDER J. SMITH (Bar No. 15484)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-3427 (phone)
(702) 486-3773 (fax)
Email:  ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Gavin Liggett, Jordan Gunderson,*
*Keith McKeechan, and James Wuest*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>                Plaintiff,<br><br>v.<br><br>LIGGETT, *et al.*,<br><br>                Defendants. | Case No. 2:19-cv-01243-APG-NJK<br><br>**ORDER TO<br>EXTEND TIME TO RESPOND TO<br>PLAINTIFF'S MOTION FOR<br>MEANINGFUL ACCESS TO MR.<br>WELCH [ECF NO. 107]**<br>(*FIRST REQUEST TO EXTEND TIME<br>TO RESPOND TO ECF NO. 107*) |

     Pursuant to Local Rule IA 6-1 and 26-3, Defendants, Jordan Gunderson, Gavin Liggett, Keith McKeechan and James Wuest ("Defendants"), by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Randall Gilmer, Chief Deputy Attorney General, on behalf of attorney of record, Deputy Attorney General Alexander Smith, and Plaintiff, Kentrell D. Welch ("Plaintiff"), by and through his counsel, Rene L. Valladares, Federal Public Defender, Randolph M. Fiedler, Assistant Federal Public Defender and Stacy Newman, Assistant Federal Public Defender, hereby respectfully submit the following Stipulation and Order to Extend Time for Defendants to file their response on **Friday, February 11, 2022**, to Plaintiff's Motion for Meaningful Access to

Mr. Welch [ECF No. 107] ("Motion") which was filed on January 21, 2022. This is the first request for an extension to respond to this Motion.

## I. INTRODUCTION

Due to unforeseen circumstances, the Parties request a one-week extension for Defendants to respond to Plaintiff's Motion. This extension will move Defendants' response deadline from Friday, February 4, 2022, to **Friday, February 11, 2022**. The Parties request is based on good cause and is not made in bad faith. Additionally, there will not be any prejudice to Plaintiff because Plaintiff joins this request for a one-week extension.

Instead, if this request is not granted, Defendants will be unable to explain their position as to the significant safety and security concerns presented by Plaintiff's Motion. The Parties, therefore, agree that Defendants should be allowed additional time to respond to Plaintiff's Motion in order for this Court to properly consider all parties presented by the Plaintiff's Motion.

## II. RELEVANT BACKGROUND

On January 21, 2022, Plaintiff filed his Motion for Meaningful Access to Mr. Welch. ECF No. 107. Counsel, Alexander J. Smith for Defendants, unfortunately, was forced to take Family Medical Leave (FMLA). As a result, the Office of Attorney General is in the process of assigning replacement counsel to each of DAG Smith's cases until such time as either DAG Smith can return to work, or, alternatively, February 28, 2022, when it is anticipated a new Deputy Attorney General will start in the NDOC Division who can oversee and take over DAG Smith's cases during his absence. On Thursday, February 3, 2022, as part of reviewing DAG Smith's current case load of forty-two (42) cases, Chief Deputy Attorney Gilmer became aware of the current motion, and immediately contacted Plaintiff's counsel to hold a meet and confer regarding this deadline. Based on Plaintiff's motion and Defendants' views as to safety and security issues, the Parties understand that an order of this Court will be necessary to resolve the disagreement among the parties.

Consequently, the Parties agree to submit this Stipulation and Order for Defendants to provide this Court with their opposition to Plaintiff's Motion.

III. **LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)[1] provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1).

The United States Supreme Court has recognized, "Rule 6(b) gives the court *extensive flexibility* to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time." *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 906 n. 7 (1990) (internal quotation marks and citation omitted) (emphasis added); *see also Perez-Denison v. Kaiser Found. Health Plan of the Nw.*, 868 F. Supp. 2d 1065, 1079 (D. Or. 2012) (citing and quoting *Lujan*, 497 U.S. at 906). Further, this rule, like all the Federal Rules of Civil Procedure is to be liberally construed to effectuate the general purpose of seeing that cases (and other disputed issues) are decided on the merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Regarding "Good cause," it is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Id.* (citing several circuits *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987)).

Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian,* 624 F.3d at 1259

---

[1] LR IA 6-1(a): "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." Further, a "stipulation or motion seeking to extend the time to file an opposition or reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the subject motion or the date of the subject hearing." LR IA 6-1(c).

(quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004).

## IV. LEGAL ARGUMENT

Due to unforeseen circumstances Counsel Smith, is on FMLA and is unable to respond to Plaintiff's Motion. Given various other deadlines, hearings and meetings, Counsel Gilmer does not reasonably believe that he or other counsel within the Office of the Attorney General (OAG) can adequately provide this Court with all necessary information for the Court to reach an informed decision on Plaintiff's Motion by the current deadline of today, February 4, 2022. The OAG is working diligently to provide a full and complete response to Plaintiff's Motion, but in order to so, the Parties respectfully request this Court provide the OAG with an additional one (1) week to provide the response. As indicated, Plaintiff's counsel has agreed to this request on a meet and confer held on February 3, 2022.

In light of the above, a brief extension is necessary for Defendants and the OAG to gather necessary evidence to provide this Court with the appropriate facts required to properly consider Plaintiff's Motion. Defendants intend to file declaration(s) explaining in detail the safety and security risks that are presented by Plaintiff's Motion. Therefore, while understanding Plaintiff does not agree with Defendants' position as it pertains to safety and security risks, Defendants respectfully request that this Court provide them with sufficient time to make the Court aware of their concerns before ruling on Plaintiff's Motion.

The United States Supreme Court and the Ninth Circuit have indicated that good cause should normally be found when a motion to extend is timely filed. *Lujan,* 497 U.S. at 906 n. 7; *Ahanchian,* 624 F.3d at 1253. Indeed, that good cause should be liberally found is well established throughout the Circuits. *See Venegas–Hernandez*, 370 F.3d at 187; *Brennan*, 961 F.2d at 619; *Arthur Murray,* 816 F.2d at 954. Synthesizing the precedent to liberally find good cause, a leading treatise similarly suggests that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith

by the requesting party or prejudice to another party. 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1165, at 605–08 (2015).

In 2010, the Ninth Circuit gave a non-exhaustive list of valid good-cause reasons. *See Ahanchia,* 624 F.3d 1253. The Ninth Circuit noted reasons such as: holidays, weekends, prior commitments, previously planned trips, other occupational duties, personal and familial obligations, and the health of legal professionals. *Id*. at 1258-60.

Here, the Defendants deadline to respond to Plaintiff's Motion is February 4, 2022. But Counsel Smith was forced to take FMLA due to personal and familial obligations, which did not allow him to file a response by February 4th. As a result, Counsel Gilmer reached out to Plaintiff's counsel at the first available opportunity in an effort to discuss this deadline. Counsel Gilmer respectfully requested a professional courtesy of one week to ensure he or other counsel in the OAG would be able to effectively provide this Court with an opposition to Plaintiff's Motion. Understanding the circumstances, Plaintiff's counsel agreed to that request. The OAG and Defendants appreciate and thank Plaintiff's counsel for agreeing to the one-week extension Defendants seek from this Court.

The Parties agree that this extension is not brought in bad faith and will not prejudice the Plaintiff. Further, the Parties agree that the extension will allow Defendants the appropriate time to file a response, which will allow this Court to effectuate the general purpose of the Federal Rules of Civil Procedure, which is to ensure cases and other disputed issues are tried on the merits.

## IV.   CONCLUSION

Pursuant to Fed. R. Civ. P. 6(b), the parties submit this extension of time to respond to Plaintiff's Motion before expiration of the February 4, 2022 deadline. Additionally, the Parties agree that this extension is not submitted in bad faith and that Plaintiff will not be prejudiced by the **new February 11, 2022 deadline**. Further, the Parties agree that good cause exists for this Court to grant the Parties extension request. This extension is being sought due to Counsel Smith's FMLA leave, Counsel Gilmer's prior commitments and occupational duties, and the significant safety and security concerns that this Court must

1  address to properly rule on the merits of Plaintiff's Motion. Moreover, the Parties submit
2  this request after their meet and confer.

3  Therefore, good cause exists for an extension of time to respond to Plaintiff's Motion.

4  Accordingly, **IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES** that the deadline to respond to Plaintiff's Motion for Meaningful Access to Mr. Welch [ECF No. 107] be continued to **Friday**, **February 11, 2022**.

DATED February 4, 2022.                        DATED February 4, 2022.

FEDERAL PUBLIC DEFENDER                        AARON D. FORD
                                               Attorney General


/s/ Randolph Fiedler                           /s/ *D. Randall Gilmer*, on behalf of
Rene L. Valladares, Bar No. 11479              Alexander J. Smith, Bar No. 15484
Randolph Fiedler, Bar No. 12577                Deputy Attorney General
Stacy Newman, Bar No. 14245                    D. Randall Gilmer, Bar No. 14001
*Attorneys for Plaintiff*                      Chief Deputy Attorney General
                                               *Attorneys for Defendants*


### ORDER

The Court, having reviewed the preceding Stipulation and Good Cause Appearing therefore, **HEREBY ORDERS** that the deadline to respond to Plaintiff's Motion for Meaningful Access to Mr. Welch [ECF No. 107] be continued to **Friday, February 11, 2022.**

**IT IS SO ORDERED.**

DATED this 4th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE