UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENTRELL D. WELCH, | Case No.: 2:19-cv-01243-APG-NJK |
| Plaintiff | **Order Denying Motion to Dismiss** |
| v. | [ECF No. 92] |
| LIGGETT, et al., | |
| Defendants | |

Plaintiff Kentrell D. Welch sues various defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP). Following screening, two claims remain: (1) a First Amendment retaliation claim against defendant Gavin Liggett for allegedly publicly labeling Welch a snitch in retaliation for Welch threatening to file a grievance against Liggett; and (2) an Eighth Amendment failure to protect claim against Liggett, James Larry Wuest, Jordan Gunderson, and Keith McKeechan for failing to protect Welch from rival gang members after Welch advised these defendants of his fears. ECF No. 27.

The defendants move to dismiss both claims due to Welch failing to exhaust his administrative remedies. They argue that Welch concedes under penalty of perjury in his amended complaint that he did not exhaust his administrative remedies as to his failure to protect claim before filing suit. They also contend that the grievances attached to Welch's complaint show that he did not properly exhaust any grievance related to Liggett's alleged retaliation.

Welch responds that the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is procedurally improper because the defendants have already answered the amended complaint. Welch also contends that dismissal is inappropriate because the court already screened the amended complaint under a standard equivalent to Rule 12(b)(6). Welch

asserts this is a disguised motion to reconsider the screening order and the motion does not satisfy the reconsideration standard. He contends that even if the court treated this as a motion for judgment on the pleadings, it would fail because it is not apparent from the pleadings that he failed to exhaust an available remedy without an excuse. Welch also argues that the defendants did not support their motion with sufficient evidence and that discovery is ongoing regarding his grievances and NDOC's responses.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). That means the inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The inmate thus must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Consequently, the defendants bear the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the defendants do so, the burden shifts to the inmate to show "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly

prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted). The defendants bear the "ultimate burden" of proving a failure to exhaust. *Id.*

Because exhaustion is "an affirmative defense the defendant must plead and prove," the defendant "must produce evidence proving failure to exhaust" to carry this burden. *Albino*, 747 F.3d at 1166 (quotation omitted). Only "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," may a defendant "move for dismissal under Rule 12(b)(6)" based on a failure to exhaust administrative remedies. *Id.*

I deny the defendants' motion because this case does not fall within the rare circumstances where it is clear from the face of the complaint that the plaintiff failed to exhaust and has no excuse for this failure. Because failure to exhaust is an affirmative defense, Welch had no obligation to plead facts supporting either exhaustion or an excuse for non-exhaustion. Even so, he alleges some facts that might suggest he has an excuse. ECF No. 28 at 17 (alleging that HDSP's grievance coordinator "continues to reject the grievance, denying relief per NDOC administrative grievance procedure, effectively denying plaintiff [a] remedy or equitable resolution"). Additionally, the defendants assume that because Welch attached to his amended complaint some grievance forms that do not establish exhaustion, he has admitted his failure to exhaust. But Welch had no obligation to plead his entire grievance history or to show that he exhausted. Consequently, the fact that he attached some grievances that do not establish exhaustion does not clearly show that he did not exhaust. Additionally, Welch alleges he exhausted his administrative remedies. *Id.* at 14 (marking "yes" to the question of whether he exhausted available administrative grievance procedures). Although Welch is now represented by counsel, he was not when he filed his amended complaint. Liberally construing his pro se

3

allegations, it is not clear from the face of the amended complaint that he has failed to exhaust such that dismissal is appropriate.

Even if I converted the defendants' motion into one for summary judgment, I would deny it. In the motion, the defendants do not identify the administrative process that Welch would utilize. They also do not show that Welch had available remedies and no excuse for failing to use them. The defendants attempt to remedy these deficiencies in their reply brief (although the defendants fail to attach evidence to support many of their assertions). ECF No. 104 at 5 nn.1-2; *id.* at 7-8. However, I decline to consider arguments raised for the first time in a reply brief.[1] *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Consequently, I deny the defendants' motion.

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 92) is DENIED**.

I FURTHER ORDER the clerk of court to correct the case caption to correctly identify defendants Gavin Liggett, James Larry Wuest (incorrectly identified as Weise), Jordan Gunderson, and Keith McKeechan (incorrectly identified as McKedrey).

DATED this 31st day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The defendants also tuck into the concluding paragraphs of the reply brief that I should limit discovery to exhaustion. ECF No. 104 at 10. I again decline to consider an argument raised for the first time in a reply brief. Any request to limit discovery must be presented in a properly filed and supported motion to which Welch will have a fair opportunity to respond.

4