UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENTRELL D. WELCH,<br><br>　　　　Plaintiff<br><br>　v.<br><br>LIGGETT, et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-01243-CDS-NJK<br><br><br>Order |

Before the Court is Defendants Liggett et al.'s Objection/Appeal (ECF No. 125) to Magistrate Judge Koppe's Order (ECF No. 124) granting the relief requested by Plaintiff's Motion for Meaningful Access to Mr. Welch (ECF No. 107). Plaintiff filed a response to the Objection/Appeal on June 7, 2022. ECF No. 132. Defendants also filed an emergency stay of Judge Koppe's Order on June 10, 2022. ECF No. 133. The Court has reviewed *de novo* the magistrate judge's order under 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1.

For the reasons expressed below, Defendants' Objection/Appeal to the Magistrate Judge's Order is OVERRULED.

I.　Relevant Background Information

Kentrell D. Welch is incarcerated at Ely State Prison in the custody of the Nevada Department of Corrections ("NDOC"). ECF Nos. 107 at 2, 117 at 2. Welch is currently pursuing a civil rights suit related to his imprisonment in NDOC (the instant case from which the objection at issue stems) as well as a habeas corpus challenge to his state court conviction. *Welch v. Williams*, Case No. 2:19-cv-00193-RFB-VCF.[1]

---

[1] Welch filed his Motion for Meaningful Access in both lawsuits. ECF No. 107; *Welch v. Williams*, 2:19-cv-00193-RFB-VCF, ECF No. 61. Both parties in the habeas case agree that this action is the appropriate forum to litigate Welch's Motion for Meaningful Access. *Welch*, 2:19-cv-00193, ECF No. 67 at 2 ("[Defendants] maintain that it would be more appropriate for the parties in [the § 1983] matter to

This Court appointed the Federal Public Defender of Nevada as counsel to represent Welch in both cases. ECF No. 78 at 2; *Welch*, 2:19-cv-00193, ECF No. 45 at 2 (appointing counsel in the habeas case). In December 2021, Welch was moved at his own request to a new, maximum-security level unit because he felt unsafe around other inmates. ECF Nos. 107 at 2-3; 108, Ex. 1 at 2. In the new unit, Welch was required to wear leg shackles anytime he was outside of his cell. ECF No. 107 at 3. The practice of restraining the wrists and legs of inmates is standard at Ely State Prison. ECF No. 117, Ex. A at 2.

Welch suffers from rheumatoid arthritis ("RA"), requiring the assistance of a cane to walk. ECF No. 108, Ex. 6-9. Because of the RA, Welch feels pain when bound by leg shackles. ECF Nos. 107 at 6, 117 at 5. As a result, he refuses to leave his cell for scheduled legal calls or in-person legal visits with his attorneys. *Id*. Welch's medical notes indicate that he has limited mobility, needs to be assigned to live on a low floor of the unit, needs to sleep on a lower-level bunk, and must be housed in a facility with the healthcare capacities to accommodate his medical needs. ECF No. 108, Ex. 6-10.

Welch has asked the Court to order Defendants to reasonably accommodate his disability by restricting Defendants' practice of shackling Welch's legs when Welch is moved outside of his cell for visits and phone calls with his counsel. ECF No. 107 at 2. Welch contends that Defendants' decision to shackle his legs unreasonably restricts his right of access to counsel. *Id.* at 10-12. Welch notes that the concerns regarding security at the prison should be subsumed by the specific circumstances of his situation, as no alternatives exist to secure his right to confidential legal calls or in-person legal visits. *Id.*

To address the concerns regarding Welch's constitutional right of access to counsel, Plaintiff's counsel filed a Motion for Meaningful Access to Mr. Welch on January 21, 2022. ECF

---

litigate…the proposed accommodations…rather than [the habeas] Court intervening"); ECF No. 68 at 3 ("Welch…doesn't oppose the State's request to allow the parties in Mr. Welch's civil action the time and ability to see if a reasonable accommodation can be made.") The analysis in this Order thus reflects that this Court's decision could affect Plaintiff's right to meaningful access in his impending habeas case.

No. 107. Defendants responded on February 11, 2022. ECF No. 117. Plaintiff's counsel replied on February 17, 2022. ECF No. 118. Magistrate Judge Koppe issued an Order granting Plaintiff's Motion for Meaningful Access to Mr. Welch on April 26, 2022. ECF No. 124. That Order stated that "[t]he prison may not shackle Plaintiff's legs when he is transported for either legal visitation or legal phone calls." *Id.* at 12.

Defendants filed a timely objection/appeal to Judge Koppe's Order on May 10, 2022. ECF No. 125. Plaintiff responded on June 7, 2022. ECF No. 132. Defendants replied on June 13, 2022. ECF No. 134. Finally, Defendants also requested an emergency motion to stay Judge Koppe's Order pending this Court's resolution of their objections. ECF No. 133.

II.   Discussion

Article III judges "have the task of adjudicating an ever-mounting volume of cases." *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 547 (9th Cir. 1984) (en banc) (citation omitted). Congress thus "authorized the appointment of … magistrate judges … to assist" Article III courts in their work. *Wellness Int'l Network, Ltd. V. Sharif*, 575 U.S. 665, 668 (2015). "[W]ithout the distinguished service of these judicial colleagues, the work of the federal court system would grind nearly to a halt." *Id.*

The Federal Magistrates Act governs the jurisdiction and authority of federal magistrates. 28 U.S.C. §§ 631-39. The Act provides that "certain matters…may be referred to a magistrate judge for decision, while certain other matters…may be referred only for evidentiary hearing, proposed findings, and recommendations." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc).

. . .

. . .

A. **Judge Koppe's Order Should Be Construed as a Report & Recommendation that is Reviewed *De Novo***

While issued as an "order,"[2] Magistrate Judge Koppe's decision granting Plaintiff's Motion for Meaningful Access to Mr. Welch (ECF No. 107) is interpreted by this Court as a Report & Recommendation pursuant to The Federal Magistrates Act, which governs the jurisdiction and authority of federal magistrates. 28 U.S.C. §§ 631-39. The Act states that a magistrate judge may "hear and determine any pretrial matter pending before the court except a motion for injunctive relief…" 28 U.S.C. § 636(b)(1)(A). Other courts in this District have construed motions for meaningful access as injunctive due to the nature of the relief necessary to ameliorate that denial of access. *See, e.g., Peck v. Nevada*, 2022 WL 171192, at *9-10 (D. Nev. Jan. 18, 2022) ("I construe plaintiff's motion [for meaningful library access] liberally as a motion for a restraining order and preliminary injunction."), *report and recommendation adopted as modified*, 2022 WL 833214 (D. Nev. Mar. 21, 2022). I agree and therefore consider the decision issued by Judge Koppe on April 26, 2022 (ECF No. 124) as one providing injunctive relief.

This Court has the authority to look past the form of the Magistrate Judge's decision by treating its Order as a Report and Recommendation, subject to *de novo* review. *Florence v. Stanback*, 607 F.Supp.2d 1119 (C.D. Cal. 2009); (citing *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1071 (9th Cir. 2004) ("[T]he district court should treat the magistrate judge's [dispositive] 'order' as proposed findings and recommendations"); *Lancer Arabians, Inc. v. Beech Aircraft Corp.*, 723 F.Supp. 1444, 1445-46 (M.D. Fla. 1989) (district court treated Magistrate Judge's decision granting motion to strike claim for punitive damages as motion to dismiss and construed it as report and recommendation subject to *de novo* review); *Zises v. Dep't of Soc. Servs.*, 112 F.R.D. 223, 227 (E.D.N.Y.

---

[2] The order stating that "[t]he prison may not shackle Plaintiff's legs when he is transported for either legal visitation or legal phone calls" (ECF No. 124 at 12) is functionally injunctive relief. *See Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017) ("Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents.").

1986) (plaintiff's motion to set aside Magistrate order dismissing plaintiff's complaint with prejudice is denied; "[t]he court treats the magistrate's order as a report and recommendation and adopts it in full"); *Neal v. Miller*, 542 F.Supp. 79, 81 (S.D. Ill. 1982) ("[T]he Court treats the magistrate's denial of leave to proceed in forma pauperis as a Report and Recommendation"); *United States v. Weissberger*, 951 F.2d 392, 398 (D.C. Cir. 1991) (finding that the magistrate judge exceeded her authority but that any defect was cured by the district court's *de novo* review of the original order)). As a result, I conducted a *de novo* review of the pleadings related to Plaintiff's Motion for Meaningful Access.

### B. Plaintiff Met His Burden for Injunctive Relief to Validate His Constitutional Right of Meaningful Access to the Courts

To qualify for the preliminary injunctive relief, Welch must demonstrate a likelihood of success on the merits; a likelihood of irreparable harm; that the balance of hardships tips in his favor; and that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, Welch must demonstrate serious questions on the merits; a likelihood of irreparable harm; that the balance of hardships tips sharply in his favor; and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and…respect the principles of comity set out" in § 3626(a)(1)(B). *Id.*

This Court addresses the four-factor preliminary injunction test prior to analyzing how its injunction is as narrowly tailored as possible to protect Welch's constitutional rights herein.

### i. *Welch is Likely to Succeed on the Merits of His Motion*

Prisoners have a fundamental constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). That access must be adequate, effective, and meaningful. *Id.* at 822. A prisoner's right of access to the courts includes being able to talk in person and on the telephone with counsel in confidential settings. *Procunier v. Martinez*, 416 U.S. 396, 419-22 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). "To establish a violation of the right to access to the courts, a prisoner must establish that he or she has suffered an actual injury." *Nev. Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). Actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)).

Here, Welch has suffered an actual injury that justifies injunctive relief on the grounds that such relief would be necessary to ameliorate the complained-of constitutional violations. *Lewis* defines "actual injury" as a showing that a "non-frivolous legal claim had been frustrated or was being impeded due to the action of prison officials." *Lewis*, 518 U.S. at 353. Welch argues in his motion for meaningful access that Ely State Prison's decision to shackle Welch's legs significantly impacted his ability to confer with both his civil rights counsel and his habeas counsel, which clearly impedes his ability to prepare his capital habeas defense. ECF No. 107 at 7-8. He alleges that, while security concerns at a correctional facility validate some measure of shackling of prisoners, the prison's decision to shackle his legs considering his specific circumstances constitutes an unreasonable restriction on his right of access to counsel. *Id.* at 10-12. Welch adds that there is no alternative, other than unshackling his legs to allow him to walk

to meet counsel or use a private telephone, that preserves his rights to confidential legal calls or in-person legal visits. *Id.*

Importantly, even if Welch had not suffered an actual injury, he still could demonstrate a likelihood of success on the merits of his motion. Where the right being abridged is provided directly by the Constitution or federal law, as is the case with the right to effective assistance of counsel, a prisoner has standing to assert that right even if the denial of that right has not produced an "actual injury." *Benjamin v. Fraser*, 264 F.3d 175, 184 (2d Cir. 2001). This is because the *Lewis* reasoning animating the standing requirement of "actual injury" is premised on the distinction between standing to assert direct constitutional rights (e.g., the right to counsel in capital habeas cases, as Welch has here) as compared to standing required to assert claims that are derivative of those rights (e.g., the right to law libraries, as *Lewis* concerned). *Id.* at 185. This court finds the Second Circuit's reasoning persuasive and adopts it solely in the context of prisoners seeking to validate their constitutional right to counsel.

Regardless of whether the "actual injury" element applies in the present circumstances, Welch is likely to succeed on the merits of his motion because the leg shackles placed on Welch by Defendants substantially inhibit Welch's access to the courts and his constitutional rights.

### ii. *Welch is Likely to Suffer Irreparable Harm Absent an Injunction*

Welch being unable to prepare for his upcoming habeas case by meeting with counsel is quite a grave and irreparable harm. As the Supreme Court has recognized, "[a]n attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial, because the complexity of [the Court's] jurisprudence in [that] area…makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law." *McFarland v. Scott*, 512 U.S. 849, 855-56 (1994) (internal quotations and citations omitted); *see also Murray v. Giarratano*, 491 U.S. 1, 28 (STEVENS, J., joined by

7

Brennan, Marshall, and BLACKMUN, JJ., dissenting) ("[T]his Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master."). Habeas petitions must meet heightened pleading requirements (28 U.S.C. § 2254 (2)(c)) and comply with doctrines of procedural default and waiver. *McFarland*, 512 U.S. at 856. Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. *Id.* Requiring an indigent capital petitioner to proceed without counsel would expose him to the substantial risk that his habeas claims never would be heard on the merits. *Id.* The difficulties of federal habeas relief, compounded by the gravity of every mistake in the habeas context, indicate that Welch would likely suffer serious and irreparable harm if not permitted to confer with counsel.

### iii. The Balance of Equities Favors Welch

The balance of hardships in this case weighs in favor of Welch and against the Defendants. This Court must "balance the interests of all parties and weigh the damage to each" in determining the balance of the equities. *Stormans Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009). The damage to Welch could be substantial in the absence of an injunction. Welch is a man with rheumatoid arthritis who requires the assistance of a walking cane and has been adjudicated incompetent in 2015. ECF Nos. 78, 124. Without the injunction prohibiting leg shackles, Welch was unable and unwilling to suffer through the pain that the walk to meet with his attorneys entailed. ECF No. 124. If Welch is unable to meet confidentially with his attorneys prior to his habeas corpus petition, it would be highly unlikely that Welch is able to obtain the legal defense to which he is constitutionally entitled.

Comparatively, there is little hardship imposed on Defendants if Welch is only in arm and belly shackles rather than arm, belly, and leg shackles. This Court does not make light of the serious safety concerns that animate Defendants' reasoning in opposing Welch's requested

relief, but the overall balance of equities suggests a much larger burden on Welch than on the Defendants.

### iv.   An Injunction is in the Public Interest

There is no critical public interest threatened by this Court's grant of injunctive relief. "The public interest analysis for the issuance of a preliminary injunction requires [the court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Cottrell*, 632 F.3d at 1138. The public interest inquiry primarily addresses impact on "non-parties rather than parties. It embodies the Supreme Court's direction that in exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *CTIA – The Wireless Association v. City of Berkeley, California*, 928 F.3d 832 (9th Cir. 2019) (citations omitted). This injunction is narrowly drawn; there is no possibility that the injunction negatively affects the public interest.

### v.   The Injunction is Tailored to be as Narrow as Possible in Conformity with Federal Law

The relief granted by this Court conforms with statutory requirements regarding injunctive relief in the context of civil actions challenging prison conditions. Such injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The injunction recommended by Judge Koppe and adopted by this Court is indeed narrow; it is restricted only to the leg-shackling procedure for a single prisoner in the middle of a single high-security correctional facility and it only applies when that *one* prisoner meets with his legal counsel. ECF No. 124.

          *vi.*    *This Court has the Authority to Issue the Requested Injunctive Relief*

"In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter…an order for preliminary injunctive relief." 18 U.S.C. § 3626 (a)(2). The relief entered here vindicates Welch's constitutional right of meaningful access to the courts, pertains to the prison conditions that prevent Welch from realizing that constitutional right, conforms with statutory requirements of preliminary injunctions, and is narrowly drawn to protect only Welch's right to meet with his counsel.

### C. Defendants' Substantive Objections Fail as a Matter of Law

Defendants argue that Judge Koppe's order was *ultra vires* and that this Court must quash her order. ECF No. 125 at 9-10. I disagree. As noted above, I interpret Judge Koppe's order as a report and recommendation and have reviewed the newly construed report and recommendation de novo. *See Florence*, 607 F.Supp.2d 1119 (collecting cases).

Defendants also argue that Welch's motion for meaningful access lacks a nexus to his complaint. ECF No. 125 at 11. Welch filed his initial complaint *pro se* after multiple attempted filings that failed to conform with the rules of this Court. ECF No. 28; *see also* ECF Nos. 1, 24.[3] It would have been impossible for Welch to complain about lack of access to his attorneys in the complaint, as Welch, at that point, did not have court appointed counsel. *See* ECF No. 78 (appointing Welch counsel *after* findings that the present litigation constitutes "an ancillary matter sufficiently related to his underlying criminal case" and that "exceptional circumstances exist due to Plaintiff's history"). Nevertheless, this Court finds a clear nexus between Welch's requested injunctive relief and the Complaint at issue; because Welch requires court-appointed counsel, his ability to meet with that counsel is a procedural right that must be vindicated for this lawsuit to proceed. While there is no substantive nexus between Welch's motion for meaningful access and the First Amendment retaliation claim or Eighth Amendment failure to

---

[3]    The Honorable Judge Andrew P. Gordon ordered ECF No. 24 to be the "operative complaint" following Plaintiff's series of nonconforming filings. The corrected and amended complaint is found at ECF No. 28, which is what this Court references.

protect claim that remain from Welch's complaint (see ECF No. 28), there is a procedural nexus that validates this Court's use of the extraordinary remedy of preliminary injunction.

Further, Defendants assert that Judge Koppe failed to sufficiently explain in her order why a preliminary injunction was tailored most narrowly to correct the harm at issue. This Court addressed those concerns in its de novo review *supra* (page 9) and finds no legal basis for this objection.

Finally, Defendants assert that Judge Koppe incorrectly applied the All Writs Act as well as the inherent power of the federal courts in fashioning the injunctive relief in this case. For the reasons set forth in this order, that objection is overruled.

## III. Conclusion

For the reasons above, IT IS ORDERED that Defendants' Objections to the Magistrate Judge's Order (ECF No. 125) that Grants Plaintiff's Motion for Meaningful Access to Mr. Welch are OVERRULED.

IT IS FURTHER ORDERED that Defendant's Emergency Motion to Stay the Magistrate Judge's Order (ECF No. 133) that Grants Plaintiff's Motion for Meaningful Access to Mr. Welch is DENIED.

IT IS FURTHER ORDERED that the Defendant(s) may not shackle Plaintiff's legs when he is transported for either legal visitation or legal phone calls.

IT IS SO ORDERED.

DATED this June 14, 2022.

_____
Cristina D. Silva
United States District Judge