UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kentrell D. Welch, | 2:19-cv-01243-CDS-NJK |
| Plaintiff, | **Order to Show Cause** |
| v. | |
| Liggett, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Reconsideration (ECF No. 139). Defendants, represented by the Nevada Office of the Attorney General, seek reconsideration of my order granting Plaintiff Kentrell Welch's Moton for Meaningful Access (ECF No. 135). Defendants argue that I should reconsider my Order because I misapplied the *Winter* test for injunctive relief to the facts presented in Welch's Motion, instead of applying it to the merits of the allegations in this case. They also contend that injunctive relief was erroneously applied in this case based on a lack of substantive nexus between the injunctive relief and the causes of action pursued by Welch in his complaint. *See generally* ECF No. 139.

Welch has filed suit for habeas corpus in this district. *See Welch v. Williams et al.*, 2:19-cv-00193-RFB-VCF (D. Nev. Feb. 1, 2019). Defendants in that case, also represented by the Nevada Office of the Attorney General, argued that it would be **more appropriate for the parties in** *this* **case** to "continue to attempt to reach a consensus, or litigate whether the proposed accommodations are reasonable (or necessary), rather than [Judge Boulware] intervening." ECF No. 67 at 2 (emphasis added). I thus analyzed and decided Welch's Motion for Meaningful

Access within this framework established by Defendants; I considered the weighty impact of Welch being unable to access counsel in both his instant action, as well as the habeas action, in the test for injunctive relief.

Defendants in this case now argue in their motion for reconsideration that I committed error because there is no substantive nexus to the operative complaint in this matter. Defendants need to clarify why they requested to litigate the motion for meaningful access in this case if they were going to then argue there is no nexus.

Accordingly, the Nevada Office of the Attorney General is hereby ordered to appear on **September 8, 2022 at 2:00 PM in courtroom 6B** and show cause why they should not be judicially estopped from advancing argument regarding any lack of substantive nexus to the complaint in this action after they argued it would be more appropriate to decide the issue in this case instead of having Judge Boulware decide the same motion in Welch's habeas case.

They are further ordered to address whether their motion for reconsideration is moot in light of Judge Boulware adopting my Order. *See Williams et al.*, 2:19-cv-00193-RFB-VCF at ECF No. 76.

IT IS SO ORDERED.

DATED this 30th day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE